IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OTIS MCCREE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-1591 |
| | ) |
| ALLEGHENY COUNTY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.


## MEMORANDUM OPINION AND ORDER

Plaintiff Otis McCree ("McCree") was incarcerated as an unconvicted pretrial detainee in the Allegheny County Jail.  He contends that, while in jail, he was attacked without provocation by corrections officers.  He claims to have suffered economic, physical, psychological and mental damages as a result of the attack. McCree has asserted claims under 42 U.S.C. § 1983 for violations of his rights under the 4th, 5th, 8th and 14th Amendments to the United States Constitution as well as claims for violations of the Pennsylvania Constitution.

The parties attended a Case Management Conference on June 1, 2006. See Docket No. 9.  J. Deron Gabriel attended on behalf of the Defendant Allegheny

1

County ("the County").  A Case Management Order was distributed to counsel at the conclusion of that conference.  The Case Management Order scheduled, along with dates for the amendment of pleadings and the close of discovery, a Settlement Conference for October 30, 2006 at 9:15 a.m. See Docket No. 10.  Additionally, the attorneys, including Mr. Gabriel, were electronically notified of the Case Management Order which contained the date for the subsequent Settlement Conference.[1]  Nevertheless, Mr. Gabriel did not attend the Settlement Conference. Every effort was made to reach him and have him participate by telephone.  Mr. Gabriel contends that he "did not receive any written notice or email concerning the post-discovery conference and was at a doctor's appointment on the morning in question... ." See Docket No. 21, p. 2.  I reject this contention.  As stated above, Mr. Gabriel received a hard copy of the Case Management Order on June 1, 2006 which contained notice of the "post-discovery conference" and he received email notification of the same.

The Settlement Conference was conducted in Mr. Gabriel's absence.  As McCree's counsel expressed no interest in filing a dispositive motion, this Court issued a Pretrial Order setting forth a trial date of March 5, 2007 and scheduling dates for the filing of pretrial statements, of points for charge, of voir dire, of motions in limine and of responses to motions in limine. See Docket No. 12.  A few weeks later, the County filed a Motion for Summary Judgment. See Docket No. 13.

---

[1] This can be verified by clicking on the "silver ball" next to Docket No. 10, then reading the electronic mailing header.  A call to the Allegheny County Law department confirmed that Mr. Gabriel's email address was correct.

McCree has filed a Motion for Sanctions and to Strike Defendant's Motion for Summary Judgment. <u>See</u> Docket No. 15.  McCree offers three bases in support of his Motion.  Most easily addressed is McCree's argument that the County's failure to comply with Local Rule 56.1(B)(1) mandates that the Motion be stricken.  Local Rule 56.1(B) provides, in relevant part:

> **(B). Motion Requirements.** The Motion for Summary Judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by the following:
> **1. A Concise Statement of Material Facts:** A Separately filed concise statement setting forth the facts essential for the court to decide the motion for summary judgment, which the moving party contends are **undisputed and material,** including any facts which for purposes of summary judgment only are assumed to be true.  The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs.  A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact.

L.R. 56.1(B)(1) (emphasis in original). The County offers no meaningful defense for its failure to comply with L.R. 56.1(B)(1).  Certainly inserting reference to a few facts in the Motion itself hardly constitutes a "separately filed" concise statement of facts. The County's failure to abide by the Local Rule is troubling, especially in light of the County's failure to observe other requirements, such as attending the Settlement Conference and, as set forth below, complying with Federal Rule 26(a).  Nevertheless,

the failure to file a separate statement of facts does not merit the extreme sanction of striking the Motion for Summary Judgment.  Accordingly, the Motion is denied in this regard.

McCree also argues that the County's failure to produce a log entry from the date of the alleged attack should result in the striking of the Motion.  Apparently, the County produced log entries from the days preceding the attack and the days following the attack, but not from the date of the attack itself.  There is no explanation forthcoming from the County as to the missing log entry.  I cannot discern whether it was lost, destroyed, never existed, or deliberately withheld.[2]  On the other hand, it appears that McCree was invited to inspect the log books himself, but never pursued that option.  Nor did McCree ever file a Motion to Compel production of the log entry for the date of the accident.  In short, because there is no evidence that the County deliberately withheld the evidence, or indeed even that the evidence exists, the Motion to Strike and Motion for Sanctions is denied in this regard.

Finally, McCree argues that the County failed to produce its written "Use of Force" Policy ("the Policy") in its initial disclosures under Rule 26(a), or even at any time during discovery.  Discovery closed on October 28, 2006.  It appears to be undisputed that the County did not produce its Policy until it tendered its Motion on November 17, 2006.  Counsel for the County explains that he tendered the Policy

---

[2] The County states that it "supplemented" its Rule 26 disclosures on September 19, 2006 and references "Attachment A" - an apparent reference to the log books.  See Docket No. 21.  The County's representation is not helpful, however, as there is no "Attachment A."

as soon as he received it from his client on November 13, 2006 or November 14, 2006. <u>See</u> Docket No. 21, p. 2.

This explanation is wholly unsatisfactory. McCree's Complaint clearly put the County on notice that this case is, at its heart, about the alleged use of excessive force. Rule 26(a) which governs initial disclosures, requires a party to disclose, <u>without waiting for a discovery request</u>:

> (B) a copy of, or a description by category and location of, all documents data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(B). Here, the County's defense is based at least in part upon the Policy. Indeed, a copy of the Policy is attached to the Motion for Summary Judgment. Thus, Rule 26(a) required that the County provide McCree with a copy of the Policy as part of the initial disclosures.

According to the parties' Rule 26(f) Report, the Rule 26(a) disclosures were to occur no later than July 7, 2006. Obviously, the County did not come close to complying with this requirement, as a copy of the Policy was not turned over until late November, well after the close of discovery. Citing to Rule 37(c)(1), McCree asks that the Motion be stricken and that sanctions be imposed. In fact, Rule 37(c)(1) provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu

> of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B) and (C) and may include informing the jury of the failure to make the disclosure.

Rule 37(c)(1).  I find counsel's explanation that it took approximately nine months from the date of service of a Complaint, which clearly sets forth a claim involving the use of excessive force, to obtain from one's client the Policy, does not constitute "substantial justification" within the meaning of Rule 37(c)(1).  As such, I will grant the relief contemplated by Rule 37(c) - the County is not permitted to rely upon the Policy in support of its Motion for Summary Judgment.  Again, however, I believe that the relief McCree seeks is too broad.  I have reviewed the Motion for Summary Judgment.  It is not based exclusively upon the Policy.  The County has also submitted deposition testimony in support of its Motion.  Accordingly, striking the Motion based upon failing to turn over the Policy would be too harsh a penalty.[3]

Consequently, this  **14th** day of December, 2006, after careful consideration and for the reasons set forth above, it is Ordered that  the Motion for Sanctions and to Strike Defendant's Motion for Summary Judgment (Docket No. 15) is granted insofar as the Use of Force Policy is stricken as an Exhibit from the Defendant's Motion for Summary Judgment and will not be considered in the disposition of the

---

[3] I make no comment at this juncture as to whether the evidentiary support which will be considered in conjunction with the County's Motion will be sufficient to prevail upon its Motion. McCree will have to respond to the Motion and argue why, based upon the evidence which will be considered, the County's argument fails.

same.  The Motion is denied in all other respects.  Plaintiff is required to respond to the Motion for Summary Judgment on or before January 3, 2007.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

7